UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Haleem McCoy

    v.                                            Civil No. 22-cv-527-SE
                                                   Opinion No. 2024 DNH 030

FCI Berlin, Warden

**ORDER**

Federal inmates may seek to reduce the amount of time they must serve in prison by earning "time credits" under the First Step Act ("FSA"). They earn the credits by completing programs or activities intended to reduce the likelihood of recidivism. See 18 U.S.C. § 3632(d)(4)(A). However, inmates cannot apply their earned FSA time credits unless they have earned a low or minimum assessed recidivism risk or their warden approves their petition on an individualized basis to place them in prerelease custody or supervised release. § 3624(g)(1)(D).

In this case, pro se federal prisoner Haleem McCoy brings a habeas petition pursuant to 18 U.S.C. § 2241, challenging the Bureau of Prisons' determination that he is ineligible for the application of FSA time credits due to his detainer from the State of New Jersey. Although McCoy's challenge may be well-founded, his petition ultimately fails because he is ineligible to apply his FSA time credits for a different reason: he has not maintained the required minimum or low risk of recidivism. For that reason, the court grants the warden's summary judgment motion (doc. no. 10).

Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. The court construes the record in the light most favorable to the nonmoving party. Benson v. Wal-Mart Stores East, L.P., 14 F.4th 13, 17 (1st Cir. 2021). In considering a motion for summary judgment, the court may review materials cited in the motion and other materials in the record. Fed. R. Civ. P. 56(c)(1)(3).

Background

McCoy pleaded guilty to one count of knowingly and intentionally distributing and possessing with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a) and (b)(1)B). United States v. McCoy, No. 2:11-cr-515-SDW-1, dkt. 18, 20 (D.N.J.). He was sentenced by the United States District Court for the District of New Jersey to 188 months in prison and, after being housed at other BOP facilities, was transferred to the Federal Correctional Institution ("FCI") in Berlin, New Hampshire in 2014.[1] Doc. no. 1 at 1; doc. no. 6-2, ¶ 6.

In late-May 2018, the warden at FCI Berlin received a letter from the Department of Corrections ("DOC") for the State of New Jersey. Doc. no. 6-5. The letter requested that the warden lodge a detainer due to McCoy's state judgment of conviction.[2] Id. Specifically, the letter

---

[1] McCoy was transferred to another BOP facility after he filed his petition in this case and has since been transferred again.

[2] "A detainer is a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." Carchman v. New Jersey Dep't of Corr., 473 U.S. 716, 719 (1985).

informed the warden that McCoy had been convicted of certain crimes in New Jersey state court and that he had been sentenced to a consecutive New Jersey state prison term to be served after his release from federal prison. Id. The BOP subsequently confirmed with the New Jersey DOC that the State of New Jersey intended to take McCoy into custody upon his release from BOP custody. Doc. no. 6-2, ¶ 8.

While he has been in prison, McCoy has earned 540 FSA time credits. Doc. no. 10-3. The BOP determined that McCoy was ineligible to apply those credits because it interpreted the FSA to prevent inmates with detainers from applying FSA credits. Specifically, the BOP relied on Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4), which is part of the BOP's policy interpreting the FSA. Doc. no. 6-6. At the time, section 10(a) of that Program Statement stated: "While inmates with unresolved pending charges and/or detainers may earn FTCs, if otherwise eligible, they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved." Id. at 13.

McCoy brought the instant § 2241 petition, challenging the BOP's policy and its determination that he is ineligible for application of FSA time credits due to his detainer from the State of New Jersey. The warden moved for summary judgment, arguing that the BOP's interpretation of the FSA and accompanying regulations was entitled to deference. Doc. no. 6.

Magistrate Judge Andrea Johnstone issued a Report and Recommendation on the warden's motion, recommending that the undersigned deny the motion without prejudice. The R&R noted that BOP had "substantially revised" its interpretation of the FSA in February and March 2023, after the warden had filed his motion for summary judgment. May 30, 2023 End. Or. (citing BOP Change Notice No. 5410.01 CN-2 (Mar. 2, 2023) and BOP Change Notice No.

3

5410.01 CN-1 (Feb. 6, 2023)). As a result, the Magistrate Judge determined that the warden's "summary judgment motion no longer finds support in current BOP policy," and recommended denying the motion without prejudice. Id. The court approved the R&R on June 28, 2023. Doc. no. 9.

The warden now again moves for summary judgment. He argues that McCoy has not maintained a minimum or low recidivism risk level while incarcerated, which makes him ineligible for the application of FSA time credits. McCoy did not object to the warden's motion.

Discussion

"The FSA establishes a new type of sentencing credit as an incentive to encourage prisoners to participate in programs to reduce the risk that they will recidivate . . . ." Komando v. Luna, No. 22-cv-425-SE, 2023 WL 310580, at *3 (D.N.H. Jan. 13, 2023) (citing 18 U.S.C. § 3634(6)-(7)), report and recommendation approved sub nom., Komando v. FCI Berlin, Warden, No. 22-cv-425-SE, 2023 WL 1782034 (D.N.H. Feb. 6, 2023). "FSA time credits, when applied, advance the date when the prisoner will be placed in 'prerelease custody' (including home confinement or residential reentry facilities), or accelerate the date when the prisoner will leave BOP custody to start a term of court-imposed supervised release." Id. Prisoners may earn time credits under the FSA through the successful completion of "evidence-based recidivism reduction programming or productive activities." § 3632(d)(4)(A).

To be eligible to apply earned FSA time credits, an inmate must meet certain conditions. Those conditions differ slightly depending on whether an inmate seeks prerelease custody or supervised release. An inmate seeking transfer to prerelease custody, must have been "determined under the System to be a minimum or low risk to recidivate pursuant to the last 2

reassessments of the" inmate. § 3624(g)(1)(D)(i)(I). An inmate seeking transfer to supervised release, must have been "determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the" inmate. § 3624(g)(1)(D)(ii).

Alternatively, an inmate seeking to apply FSA credits but who has not satisfied the threshold requirements  may petition the warden to approve his release. § 3624(g)(1)(D)(i)(II). The warden may grant the petition if he determines that the inmate meets certain criteria. Id. That criteria include that the inmate "has made a good faith effort to lower [his] recidivism risk through participation in recidivism reduction programs or productive activities." § 3624(g)(1)(D)(i)(II)(bb). To demonstrate such a good faith effort, an inmate must maintain clear conduct for at least three years. See BOP Program Statement 5410.02, CN-2 (doc. no. 10-6 at 20).

McCoy does not specify in his petition whether he seeks prerelease custody or supervised release. In his summary judgment motion, the warden argues that the BOP cannot apply McCoy's FSA time credits toward either prerelease custody or supervised release because McCoy is not currently a minimum or low risk to recidivate. He submits with his motion McCoy's most recent risk assessment, in which the BOP determined that McCoy had a medium risk of recidivism. Doc. no. 10-4.

The warden also submits the declaration of Robert Rouleau, the BOP's Case Management Coordinator at FCI Berlin. Doc. no. 10-2. Rouleau states that there is no record indicating that McCoy petitioned the warden to approve prerelease custody or supervised release. Id., ¶ 10 n.3. Even if McCoy had submitted such a petition, there is no evidence that the warden granted the request. See id., ¶¶ 8-10. Rouleau also cites evidence, included with the warden's filings, that McCoy has not maintained clear conduct for the last three years, which means that

5

he has not satisfied the criteria necessary to obtain the warden's approval for release even if he had submitted a petition. Doc. no. 10-5.

The evidence in the record, which McCoy did not dispute, shows that McCoy is ineligible to apply FSA time credits. Therefore, the warden is entitled to summary judgment.[3]

## Conclusion

For the reasons stated above, the warden's motion for summary judgment (doc. no. 10) is granted. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

March 29, 2024

cc:   Haleem McCoy, pro se
      Counsel of Record

---

[3] The court notes that § 3624 contemplates "periodic risk assessments" of inmates' likelihood of recidivism. § 3624(g)(1)(B). To the extent that McCoy's risk level drops to minimum or low in a future assessment, he would become eligible for application of his FSA time credits, as Rouleau states in his declaration. Doc. no. 10-2, ¶ 6 n.2.